UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

**CRIMINAL ACTION NO. 05-68-DLB**

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**VS.**                **MEMORANDUM OPINION AND ORDER**

**STEVE LOFTON, JR.**                                              **DEFENDANT**

*********************************

      This matter is currently before the Court upon Defendant Lofton's motion for a separate trial. (Doc. # 43). The government has filed its response opposing the motion. (Doc. # 46). During the Court's pretrial hearing on January 20, 2006, and after conducting an *in camera* colloquy with Defendant Black and his counsel regarding his intentions to testify in favor of Defendant Lofton in a separate trial, the Court granted Lofton's motion for a separate trial and ordered Defendant Black's trial to proceed first, followed by Defendant Lofton's trial immediately thereafter. By way of this Memorandum Opinion and Order, the Court provides its reasoning for severing the defendants.

      Rule 14 of the Federal Rules of Criminal Procedure authorizes a defendant to move for severance in situations in which joinder of multiple offenses or defendants is proper under Rule 8, a point conceded by Lofton's counsel during the hearing, but nonetheless would be prejudicial to the defendant. *See Zafiro v. United States,* 506 U.S. 534, 538 (1993) ("Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government."). While the Court is mindful of the preference in

1

the federal system for joint trials of defendants who are indicted together[1], as joint trials promote efficiency and judicial economy, that preference must give way if the Court finds one defendant may be prejudiced in having a joint trial.

The Sixth Circuit employs a stringent test when a defendant seeks a Rule 14 severance based on the testimony of a co-defendant. To be entitled to a severance on such grounds, the defendant seeking the severance must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987), *cert. denied*, 486 U.S. 1034 (1988). Additionally, the Sixth Circuit has stated that where an offer to testify if trials are severed is conditional, the court does not abuse its discretion by denying the motion. *See Ross v. United States*, 339 F.3d 483 (6th Cir. 2003) (noting "that a co-conspirator's promise to testify only if he receives his trial first is not a basis for a severance"), *United States v. Blanco,* 844 F.2d 344, 352-53 (6th Cir. 1988) (same).

During the Court's January 20, 2006 *in camera* colloquy with Black, Black summarized the testimony he would provide in favor of co-defendant Lofton. Upon considering that testimony, and in recognition of Lofton's anticipated defense[2], the Court finds that Lofton has a *bona fide* need for Black's testimony and the testimony is exculpatory. Most importantly, Black verified that he would in fact testify on behalf of Lofton

---

[1] *See United States v. Anderson,* 89 F.3d 1306, 1312 (6th Cir. 1996) ([p]ersons jointly indicted should, as a general rule, be tried together, for 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial).

[2] *See* Doc. # 32, Defendant's Response to United States' Request for Notice of Alibi Defense.

if the trials were severed. Black also acknowledged that his agreement to do so was unconditional, that is, it was not contingent on having his case tried first. Additionally, Black further acknowledged that by agreeing to testify, he would be waiving any Fifth Amendment rights he has and would be subject to cross examination by the government.

For these reasons, the Court concludes Lofton has made the required showing for a severance of defendants in this case.

Accordingly, **IT IS ORDERED** that Defendant Lofton's Motion for Separate Trial (Doc. # 43) be, and is hereby, **GRANTED**.

This 22nd day of January, 2006.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\Trial_Notebook\USA-v-Black&Lofton-2-05-68\severance Order.wpd